1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8  ANTHONY LYNN COUCH SR.,

9                      Plaintiff,

10       v.

11  RICK SCOTT, et al.,

12                      Defendant.

CASE NO. 3:21-cv-05804-RSM-BAT

**REPORT AND
RECOMMENDATION**

13       Plaintiff, Anthony Lynn Couch Sr., commenced this civil rights action by filing a

14  complaint pursuant to 42 U.S.C. § 1983. Dkts. 3-1. Plaintiff is a prisoner currently housed at

15  Grays Harbor County Jail and proceeds *pro se* and *in forma pauperis*, in this action. Dkts. 3, 3-1.

16  Plaintiff's complaint names the following Defendants: Rick Scott, Sheriff at Grays Harbor

17  County Jail; Brad Johanson, under Sheriff at Grays Harbor County Jail; Travis Davis, "Chief of

18  Jail" at Grays Harbor County Jail; Norma J. Tillotson, Grays Harbor County Prosecuting

19  Attorney; Jason Fielding Walker, Grays Harbor County Prosecuting Attorney; and David

20  Edwards, Judge, Grays Harbor County Superior Court.  Dkt. 3-1. The Court, having reviewed

21  and screened the complaint recommends that Plaintiff's claims alleged in Counts II and III be

22  dismissed without prejudice pursuant to *Younger v. Harris*, 401 U.S. 37, 43-46 (1971), and that

23

REPORT AND RECOMMENDATION - 1

1   Plaintiff's complaint, containing the remaining Count I, be served upon the remaining

2   Defendants, Rick Scott, Brad Johanson, and Travis Davis.

3                                    **BACKGROUND**

4         In Count I of the complaint Plaintiff alleges Defendants Scott, Johanson, and Davis

5   violated "client lawyer confidentiality." Dkt. 3-1. He alleges the conference rooms at the Jail

6   have video and audio recording devices in each room at all times and that he has "personally

7   watched Travis Davis install some of these." *Id.* Plaintiff alleges his lawyers have been told to

8   make appointments at least an hour ahead so that Defendant Davis can watch these visits and that

9   Defendant Davis says it's for "safety." *Id.*

10        Plaintiff also raises allegations with respect to his legal mail. *Id.* Specifically, Plaintiff

11  claims:

12        [M]y legal mail has been opened without my presence.  My legal mail was kept from me
          for over 3 weeks and they said my work product is not work mail. I was pro se at the
13        time. Mrs. Tillotson and Chief Davis also witheld [sic] outgoing mail to do a Quid Pro
          Quo. Also lawyer calls are recorded and Chief Davis refuses to fix that.

14  *Id.*

15        With respect to injury, Plaintiff alleges "I believe the Prosecuting Attorneys are getting to

16  know trial strategy and work product information when they shouldn't have. Client lawyer

17  confidentiality has been violated uncountable times." *Id.*

18        In Count II of Plaintiff's complaint, Plaintiff alleges Defendants Davis, Tillotson, Walker,

19  Scott, Johanson, and Edwards have violated his right to due process. *Id.* Plaintiff alleges

20  Defendants Tillotson and Walker have "involved themselves in [his] work product and stopping

21  public records requests from being properly done." *Id.* He alleges Defendant Edwards has violated

22  his speedy trial rights and also stopped counsel from going through with withdrawing from his

23  case in Superior Court. *Id.* He alleges Defendants Walker, Tillotson, Scott, Johanson, and Davis

REPORT AND RECOMMENDATION - 2

1   have stopped mail from going where it should. *Id.* He alleges Defendant Walker told his attorney

2   he was a racist and his tattoos tie him to the Arian nation and that this has created an issue between

3   himself and his attorney who is black. *Id.* He alleges Defendant Edwards will not allow his attorney

4   to withdraw or even address his motion to withdraw. *Id.*

5       In Count III, Plaintiff alleges "governmental misconduct" on the part of Defendant Walker.

6   *Id.* Plaintiff alleges Defendant Walker has reached out to other agencies personally to make sure

7   that they prosecute Plaintiff to the fullest. Plaintiff alleges Defendant Walker has gone out of his

8   way to "break up" his relationship with his attorney by making his attorney aware of the

9   confederate flag tattoos on Plaintiff's shoulders. *Id.* Plaintiff alleges Defendant Walker has also

10  intercepted his legal mail "on separate occasions and then given it to the District Court which I'm

11  pro se defense there." *Id.* Plaintiff alleges he filed an "antiharassment order in district court" and

12  that he discovered Superior Court prosecutors had his mail that they handed back to the district

13  court. Plaintiff alleges Defendant Walker does not accept his pro se work product as legal mail. *Id.*

14      As relief Plaintiff requests that his Superior Court cases be dismissed with prejudice as

15  well as monetary damages in the amount of $1,400,000.00. *Id.*

16                          **Relevant Legal Standards**

17      Under the Prison Litigation Reform Act of 1995, the Court is required to screen

18  complaints brought by prisoners seeking relief against a governmental entity or officer or

19  employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must "dismiss the

20  complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to

21  state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

22  who is immune from such relief."  *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,

23  152 F.3d 1193 (9th Cir. 1998); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

REPORT AND RECOMMENDATION - 3

1   Similarly, under 28 U.S.C. § 1915(e)(2), where a plaintiff proceeds *in forma pauperis* pursuant

2   to 28 U.S.C. § 1915, the Court is also required to dismiss the complaint if it fails on these same

3   grounds. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).

4          The Court holds *pro se* plaintiffs to less stringent pleading standards than represented

5   plaintiffs and liberally construes a *pro se* complaint in the light most favorable to the plaintiff.

6   *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). When dismissing a complaint under these statutes,

7   the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies

8   of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106

9   (9th Cir. 1995); *Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

10         Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to

11  state a claim for relief it must contain a short and plain statement of the grounds for the court's

12  jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief,

13  and a demand for the relief sought. The statement of the claim must be sufficient to "give the

14  defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

15  *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be

16  "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*,

17  550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief

18  that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

19         In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he

20  suffered a violation of rights protected by the Constitution or created by federal statute, and (2)

21  the violation was proximately caused by a person acting under color of state law. *See Crumpton*

22  *v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  The first step in a § 1983 claim is therefore to

23  identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271

REPORT AND RECOMMENDATION - 4

1  (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually

2  named defendants caused, or personally participated in causing, the harm alleged in the

3  complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Plaintiff must also plead

4  facts showing the defendants were acting under color of state law. *Gibson v. United States*, 781

5  F.2d 1334, 1338 (9th Cir. 1986).

**DISCUSSION**

6

7  **A.    Counts II and III - *Younger* Abstention and Judicial and Prosecutorial Immunity**

8          Plaintiff may not challenge the propriety of ongoing state criminal proceedings in a 42

9  U.S.C. § 1983 lawsuit.  Federal courts will not intervene in a pending criminal proceeding absent

10  extraordinary circumstances where the danger of irreparable harm is both great and immediate.

11  *See Younger v. Harris*, 401 U.S. 37, 45, 46 (1971).  The Court should abstain from considering

12  Counts II and III against Defendants pursuant to the *Younger v. Harris*, 401 U.S. 37, 43-46

13  (1971). The *Younger* abstention doctrine is based on principles of equity and comity. *Id.* The

14  equitable principle at play is that courts should refrain from exercising their equitable powers

15  when a movant has an adequate remedy at law. Notions of comity require the federal government

16  to let states be "free to perform their separate functions in their separate ways." *Id.* at 44. The

17  Ninth Circuit applies a four-part test to determine application of *Younger* abstention:

18          We must abstain under *Younger* if four requirements are met: (1) a state-initiated
            proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the
19          federal plaintiff is not barred from litigating federal constitutional issues in the state
            proceeding; and (4) the federal court action would enjoin the proceeding or have the
20          practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that
            *Younger* disapproves.

21  *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546

22  F.3d 1087, 1092 (9th Cir. 2008).  Federal courts do not invoke the *Younger* abstention if there is

23  a "showing of bad faith, harassment, or some other extraordinary circumstance that would make

REPORT AND RECOMMENDATION - 5

1    abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457

2    U.S. 423, 435 (1982).

3    All of the *Younger* criteria appear to be satisfied here with respect to Counts II and III of

4    Plaintiff's complaint. First, it appears Plaintiff is a pre-trial detainee with ongoing state

5    proceedings. Second, as these proceedings involve a criminal prosecution, they implicate

6    important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49, (1986); *Younger*, 401 U.S. at

7    43-44. Third, Petitioner has failed to allege facts showing he has been denied an adequate

8    opportunity to address the alleged constitutional violations in the state court proceedings. Last,

9    Petitioner raises claims that would effectively enjoin the ongoing state judicial proceeding.

10    Specifically, in Counts II and III of his complaint, Plaintiff alleges due process violations by the

11    Judge, prosecutors, Sheriff and under Sheriff, as well as misconduct by the prosecutor, all in the

12    context of his ongoing criminal proceedings. Plaintiff alleges Defendants have intentionally

13    interfered with his ability to obtain information necessary to his criminal defense, intentionally

14    interfered with his attorney-client relationship with his defense attorney, violated his right to a

15    speedy trial, and have improperly disallowed his defense attorney's attempts to withdraw as

16    counsel in his criminal case. The Court also notes that as relief, in addition to money damages,

17    Plaintiff seeks to have his state court criminal cases dismissed with prejudice.

18    Based upon the facts alleged in Plaintiff's complaint, it appears that any finding by this

19    Court that Plaintiff's constitutional rights have been violated by prosecutorial misconduct, denial

20    of right to counsel, or denial of due process, in the context of Plaintiff's ongoing state criminal

21    proceedings (as Plaintiff claims in his complaint), would unduly interfere with those state court

22    criminal proceedings in a way *Younger* disapproves. Accordingly, the Court recommends that

23    Counts II and III be dismissed without prejudice.

REPORT AND RECOMMENDATION - 6

1    The Court also notes that even if Plaintiff's claims were not barred by *Younger*, he would

2    be barred from bringing § 1983 claims for damages against Defendants Tillotson, Walker and

3    Edwards for acts performed in their prosecutorial or judicial capacity.

4    Judges are entitled to absolute judicial immunity for acts performed within their judicial

5    capacity. *Mireles v. Waco*, 502 U.S. 9, 9–12 (1991); *see Stump v. Sparkman*, 435 U.S. 349, 98

6    S.Ct. 1099 (1978); *accord Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per

7    curiam) ("Judges are absolutely immune from damages actions for judicial acts taken within the

8    jurisdiction of their courts.") (citation omitted). Judicial immunity applies even when a judge

9    acts in excess of his or her authority. *Id*. at 356. This strong immunity protects judicial

10   independence by insulating judges from vexatious actions prosecuted by disgruntled litigants.

11   *Forrester v. White*, 484 U.S. 219, 225, 108 S.Ct. 538 (1988). This immunity is immunity from

12   suit, not a mere defense to liability, so a defendant with absolute immunity is entitled to

13   dismissal before the commencement of discovery. *Mitchell v. Forsyth*, 472 U.S. 511, 526-27,

14   105 S.Ct. 2806 (1985).

15   Similarly, prosecutors are entitled to absolute immunity from liability for damages under

16   42 U.S.C. § 1983 where the prosecutor "acts within his or her authority and in a quasi-judicial

17   capacity." *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (citing *Imbler*, 424 U.S. at

18   430-31); *see also Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 674, 678 (9th Cir.

19   1984) ("If the prosecutor acts as an advocate 'in initiating a prosecution and in presenting the

20   State's case,' absolute immunity is warranted.") (quoting *Imbler*, 424 U.S. at 430-31).

21   Prosecutorial immunity applies, furthermore, "even if it leaves 'the genuinely wronged defendant

22   without civil redress against a prosecutor whose malicious or dishonest action deprives him of

23

REPORT AND RECOMMENDATION - 7

1    liberty.'" *Ashelman*, 793 F.2d at 1075 (quoting *Campbell v. Maine*, 787 F.2d 776, 778 (1st Cir.

2    1986)).

3         Here, Plaintiff's claims against Defendant Edwards appear to arise solely out of his

4    actions as a Judge performed in the context of Plaintiff's state court criminal proceedings. As

5    such, Defendant Edwards would also be entitled to absolute immunity from Plaintiff's claims for

6    damages and dismissal of those claims against him on that basis.  Although somewhat less clear,

7    Plaintiff's allegations against Defendants Tillotson and Walker also appear to relate to actions

8    taken in their role as a prosecutors and, to the extent this is the case, they would also be entitled

9    to immunity from Plaintiff's claims for damages.

10        Given the nature of Plaintiff's claims in Counts II and III, it does not appear these claims

11   are capable of amendment. Accordingly, the Court recommends that Plaintiff's claims in Counts

12   II and III be dismissed without prejudice and without leave to amend pursuant to *Younger*.

13   Because these are the only claims raised against Defendants Tillotson, Walker and Edwards,

14   those Defendants should be terminated from the action.

15   **B.    Count I – Monitoring of Attorney-Client Conferences and Legal Mail**

16        The Court finds that Plaintiff's claims raised in Count I against Defendants Scott,

17   Johanson, and Davis related to alleged monitoring of attorney-client conferences and improper

18   processing and interference with legal mail, state sufficient facts to warrant a response from

19   Defendants.  Accordingly, the Court recommends that the action proceed with respect to Count I

20   and the complaint be served on Defendants Scott, Johanson, and Davis. [1]

21

22   [1] The Court notes that Plaintiff also mentions Defendant Tillotson in the context of Count I. However, Plaintiff does not name Defendant Tillotson as a Defendant he intends to pursue a claim against in Count I as he does with Defendants Scott, Johanson, and Davis. Moreover, Plaintiff's reference to Defendant

23   Tillotson in Count I is vague and conclusory and even if he intended to pursue a constitutional claim against her, he states insufficient facts to do so. If Plaintiff in fact intends to state a claim against Defendant Tillotson in the context of Count I, he should file an amended complaint clearly identifying her

REPORT AND RECOMMENDATION - 8

**CONCLUSION**

For the above reasons, the Court recommends that Plaintiff's claims in Counts II and III be dismissed without prejudice and without leave to amend pursuant to *Younger*. Because these are the only claims raised against Defendants Tillotson, Walker and Edwards, those Defendants should be terminated from the action. The Court recommends that the action proceed with respect to Count I and the complaint be served on Defendants Scott, Johanson, and Davis. The Court recommends that the matter be referred back to the undersigned for further proceedings.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **December 30, 2021.** The Clerk should note the matter for **December 31, 2021**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed **8 pages**. The failure to timely object may affect the right to appeal.

DATED this 9th day of December, 2021.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

---

as a Defendant with respect to Count I and explaining the constitutional right he is alleging was violated, the facts supporting that claim, and the harm he is alleging he suffered.

REPORT AND RECOMMENDATION - 9