UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY LYNN COUCH SR.,

Plaintiff,

v.

RICK SCOTT, et al.,

Defendant.

CASE NO. 3:21-cv-05804-RSM-BAT

**ORDER DENYING PLAINTIFF'S MOTION FOR SPECIAL MASTER**

Plaintiff filed a motion requesting the Court appoint a "Special Master." Dkt. 7. The Court **DENIES** the motion for the following reasons.

Under Rule 53(a)1 of the Federal Rules of Civil Procedure the Court may appoint a special master to:

(A) perform duties consented to by the parties;

(B) hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by: (i) some exceptional condition; or (ii) the need to perform an accounting or resolve a difficult computation of damages; or

(C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.

Normally, the Court will appoint a pretrial special master only if no district judge or

magistrate judge is available to address the case in a timely and effective manner. Here, Plaintiff filed a complaint raising three claims. Claims two and three were previously dismissed by the assigned district judge. The remaining claim alleges Plaintiff has been in jail since August 7, 2020, on criminal charges and Plaintiff believes defendants are watching or listening in on his appointments and phone calls with legal counsel or investigators. Plaintiff believes information from these appointments was leaked to the prosecuting attorney. These allegations are not so complex that no magistrate judge or district judge could effectively and timely address them.

Plaintiff's motion for a special master also does not set forth any factual basis to alter this conclusion. In his motion, Plaintiff alleges his criminal defense lawyer has been seeking discovery regarding information from jail legal visits that allegedly were leaked to the prosecuting attorney. Plaintiff alleges defense counsel has not been completely successful but also claims there was an evidentiary hearing conducted in his criminal case indicating 72 attorney client phone calls were recorded. Plaintiff requests the Court appoint a special master to "retrieve and preserve" all evidence Plaintiff's criminal defense counsel has sought.

Since filing this motion, Plaintiff filed as an exhibit, the transcript of the evidentiary hearing conducted in the state courts regarding his criminal case. The transcript indicates the state court judge conducted a hearing on Plaintiff's motion to dismiss the criminal case on the grounds that his phone calls and meetings were recorded by the jail staff. Witnesses from the jail testified as to the matter and also stated they offered to provide Plaintiff's lawyer with information which was declined. The jail witnesses testified that no conversations between Plaintiff and his legal team were ever listened to, and any such conversations were destroyed. The sworn testimony given by the witnesses before the state court judge establishes that there are no recordings to "retrieve and preserve" as requested by Plaintiff.

In short, under the circumstances of this case, there is no basis to appoint a special master. The Court declines to appoint a special master to serve as Plaintiff's agent and to obtain discovery that Plaintiff seeks. Plaintiff's motion for special master implies Plaintiff has in the past had problems obtaining discovery – at least in the context of his criminal case. But the state court held a hearing on this matter that included witnesses from the jail. Discovery was thus provided. Additionally, as noted above, this is not a complicated case that involves matters that a magistrate judge or district cannot address and resolve absent a special master. Further there is no indication Plaintiff has made discovery requests to the remaining defendants in this federal civil case regarding the matters that his criminal defense lawyer was or is currently working on.

If there is a discovery dispute in this civil action, Plaintiff should first attempt to communicate with defendants to resolve the dispute; that is, Plaintiff should meet and confer with defendants. If attempts to resolve a discovery dispute fails, Plaintiff should then file a motion outlining the discovery dispute with specificity and requesting the Court address the matter. Accordingly, the Court finds and hereby **ORDERS**:

(1) Plaintiff's motion for special master, Dk. 7, is **DENIED**.

(2) The Clerk is directed to provide a copy of this order to the parties and to Judge Martinez.

DATED this 11th day of March, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge