UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY LYNN COUCH SR., <br><br> Plaintiff, <br><br> v. <br><br> RICK SCOTT, et al., <br><br> Defendant. | CASE NO. 3:21-cv-05804-RSM-BAT <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO SHOW CONFLICT AND DISCOVERY (DKT. 17)** |

Plaintiff filed a motion to "show conflict with Defendant's Attorneys and a motion to request Jail video, with all documents in the prosecutor's file that pertain to Plaintiff since January 1, 2020." Dkt. 17. Plaintiff first moves to show Defendants' Counsel has a conflict because counsel "may have gained legal work product from the Attorney General Office-Governor Inslee." *Id.* Plaintiff claims he wrote a letter to the Attorney General that contains "work-product" that he believes defense counsel has obtained. This claim lacks any support. Plaintiff presents nothing showing defense counsel obtained this letter. Moreover, even if defense counsel had obtained the letter, Plaintiff presents nothing showing the Attorney General was Plaintiff's lawyer or even agreed to consider being Plaintiff's lawyer. As there is nothing showing defense counsel obtained the letter or that there was an attorney-client relationship between Plaintiff and the Attorney General, the motion to show conflict is DENIED.

Plaintiff also moves for discovery seeking "Jail footage form March 9, 2022 to March 10, 2022; all documents from the files of the prosecutor's office, sheriff's office, Jail and "D.t.F." all of Plaintiff's work product and all emails, text messages, between August 1, 2020 to March 23, 2022 between Chief Davis, Ranee Farmer, Brittney Dggie, Jason F. Walker, Paul Logan, Jeremy Homes, Rick Scott, Brad Johansson, and numerous other individuals. Plaintiff asks the Court to order discovery for "reasons of corruption in the state."

The Court notes two of the three claims Plaintiff originally asserted have been dismissed. The sole claim before the Court is the allegation Defendants Brad Johansson, undersheriff, Travis Davis Chief Corrections Deputy, and Rick Scott, Sheriff, violated attorney-client privilege by videotaping and recording conversations at the jail between Plaintiff and his criminal defense lawyer, and by recording phone calls. Plaintiff's request for an order compelling discovery is both premature and unfounded at this point.

First, Plaintiff fails to establish he has submitted proper discovery requests and that Defendants have failed to respond. Second, Plaintiff fails to establish he has made any attempt to meet and confer with defense counsel to address any purported discovery issue. And third, the record shows as part of Plaintiff's criminal case, the state court conducted a hearing on whether attorney-client privilege had been violated and whether the criminal case should be dismissed on those grounds. The state court held a hearing on this matter that included witnesses from the jail and ruled against Plaintiff. Discovery was thus already provided during state court proceedings on the very issue that is the subject of the present lawsuit.

Accordingly, the Court finds and **ORDERS**:

(1)  Plaintiff's motion to show conflict and to compel discovery, Dk. 17, is **DENIED**.

(2)  The Clerk is directed to provide a copy of this order to the parties and to Chief Judge

Martinez.

DATED this 7th day of April, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION
TO SHOW CONFLICT AND DISCOVERY
(DKT. 17) - 3