UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY LYNN COUCH SR.,

    Plaintiff,

v.

RICK SCOTT, et al.,

    Defendant.

CASE NO. 3:21-cv-05804-RSM-BAT

**REPORT AND RECOMMENDATION ON MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendants' April 20, 2022 motion for summary judgment. In October, 2021, Plaintiff filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Dkts. 3-1. Although Plaintiff is currently detained at the Washington Correction Center at Shelton, the complaint alleged Plaintiff's rights were violated while he was detained in 2021 at the Grays Harbor County Jail by the following Defendants: Rick Scott, Sheriff at Grays Harbor County Jail; Brad Johanson, under Sheriff at Grays Harbor County Jail; Travis Davis, "Chief of Jail" at Grays Harbor County Jail; Norma J. Tillotson, Grays Harbor County Prosecuting Attorney; Jason Fielding Walker, Grays Harbor County Prosecuting Attorney; and David Edwards, Judge, Grays Harbor County Superior Court. Dkt. 3-1.

The original complaint alleged:

REPORT AND RECOMMENDATION ON
MOTION FOR SUMMARY JUDGMENT - 1

Count I, that Defendants Scott, Johanson, and Davis violated "client lawyer confidentiality" with video or audio recordings, and also opened legal mail outside his presence. Dkt. 3-1.

Count II, that Defendants Davis, Tillotson, Walker, Scott, Johanson, and Edwards violated Plaintiff's right to due process, regarding records requests, speedy trial, blocking mail, and interfering with appointed counsel.

And Count III, that Defendant Walker committed "governmental misconduct." *Id.* As relief Plaintiff requested that his Grays Harbor Superior Court criminal cases be dismissed with prejudice and he be awarded monetary damages in the amount of $1,400,000.00. *Id.*

On January 5, 2022, the Honorable Ricardo S. Martinez dismissed Counts II and III and terminated Defendants Norman Tillotson, Jason Fielding Walker and David Edwards as Defendants. Dkt. 8. Judge Martinez ordered that Count I is the sole claim remaining in this case and the only Defendants in this action are Rick Scott, Brad Johnson, and Travis Davis. *Id.*

On April 20, 2022, the remaining Defendants filed a motion for summary judgment. Dkt. 24. The motion was noted for June 4, 2022. Plaintiff requested and the Court granted a continuance to respond and renoted the summary judgment motion for June 24, 2022. Plaintiff was advised any response he wished to file to the summary judgment motion was due on June 23, 2022. As of this date, Plaintiff has not filed a response to the summary judgment motion.

The Court having considered the matter and the record, recommends Defendants' motion for summary judgment be GRANTED and the case be DISMISSED.

## DISCUSSION

**A.    The Complaint. Count I**

Count I of the complaint is the sole claim that remains before the Court. The complaint alleges as Count I "Client Lawyer confidentiality Rick Scott, Brad Johnson, Travis Davis." In support, the complaint avers:

> I have been incarcerated in Gray Harbor County Jail since August 7, 2020. I was appointed counsel on or around Aug 12 2020. The jail only provides 3 conference rooms to meet with counsel. The 1st Floor has one the 2d floor has one and the 3rd floor has one. All three rooms violate client lawyer confidentiality due to recording devices in each. They video and audio recording devices in each at all times. I have personally watched Travis Davis install some of these. 3 video and 4 audio in each of these rooms. Also my lawyers have been told to make appointments at least one hour ahead just so Chief Davis can watch these visits. He says its for safety. Even my private investigator has been told by "Lisa Woods"! Also my legal mail has been opened without my presence. My legal mail was kept from me for over 3 weeks and they said my work product is not work mail. I was pro se at that time. Mr. Tillotson and Chief Davis also withheld outgoing mail to do as a Quid Pro Quo. Also Lawyer calls are recorded and Chief Davis refuses to fix that. I believe the prosecuting attorney are getting to know my trial strategy and work product information when they shouldn't have. Client lawyer confidentiality has been violated uncountable times.

Dkt. 5 at 5-6.

As relief, the complaint states " I want superior court cases dismissed with prejudice cause numbers 21-1-155-14, 20-1-343-14. Also damages of a monetary value $1.4 million dollars paid to Anthony Lynn Couch Sr." Dkt. 5 at 10.

**B.    Defendants' Motion for Summary Judgment**

Defendants contend Plaintiff's allegations relate to his detention at the Greys Harbor County Jail while he was pending charges for second-degree rape and second-degree assault. *See* Dkt. 28. Walker Declaration. In specific, Defendants aver in November 2021, Plaintiff filed a motion to dismiss his then pending criminal case, in the Greys Harbor Superior Court, alleging the same governmental misconduct asserted here. In the motion to dismiss, Plaintiff by defense counsel alleged that the Gray's Harbor Jail had recorded privileged conversations involving his

REPORT AND RECOMMENDATION ON
MOTION FOR SUMMARY JUDGMENT - 3

1 attorneys and private investigator and that Jail staff had opened his legal mail outside of his
2 presence and without consent. *Id.*

3       The Greys Harbor Superior Court conducted a hearing on Plaintiff's motion to dismiss
4 and Greys Harbor Staff were summoned as witnesses. Defendant Travis Davis testified that
5 while some of Plaintiff's phone calls had indeed been mistakenly recorded none of the calls were
6 listened to by jail staff or anyone else. Dkt. 29, Prante Declaration. Defendant Davis also
7 testified a number of video chats between Plaintiff and his defense team were inadvertently
8 recorded but none of the video chats were viewed or listened to by anyone and the jail destroyed
9 the recordings once the error was discovered. *Id.*

10       The Greys Harbor Superior Court also took testimony about Plaintiff's legal mail.
11 Sergeant Eugina Buchanan testified one piece of Plaintiff's legal mail was inadvertently opened
12 by jail staff, as soon as the Sergeant learned of this the item was immediately taken to Plaintiff,
13 and that no jail staff read the contents of the piece of mail. *Id.*

14       Based upon the evidence presented, Greys Harbor Superior Court Judge David Edwards
15 denied Plaintiff's motion to dismiss. Judge Edward found Plaintiff failed to establish that anyone
16 listening in on any privileged communication or read privileged correspondence. *Id.*

17       With this backdrop, Defendants contend the Court should grant summary judgment and
18 dismiss Count I and the remaining defendants because:

19     (1)    Plaintiff fails to show the remaining Defendants personally participated in acts
20 that violated his rights.

21     (2)    Plaintiff failed to exhaust his administrative claims regarding the opening of legal
22 mail.

23

REPORT AND RECOMMENDATION ON
MOTION FOR SUMMARY JUDGMENT - 4

1      (3)    Plaintiff is collaterally estopped by Judge Edward's determination that the recording of phone calls and video chats did not violate Plaintiff's rights.

(4)    Plaintiff's claims are barred by *Heck v. Humphry.*

(5)    Defendants are shielded by qualified immunity.

(6)    Plaintiff's complaint is frivolous and should be considered a "strike" under 28 U.S.C. § 1915(g). *See* Dkt. 24.

**C.    Relevant Legal Standards**

To state a claim for relief under 42 U.S.C. § 1983, Plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). As noted above, Defendants contend summary judgment should be granted for numerous reasons.

***1.    The complaint is barred under Heck v. Humphry***

Under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), if a judgment in favor of a plaintiff in a civil rights action necessarily implies the invalidity of plaintiff's conviction or sentence, the complaint must be dismissed unless plaintiff can show the conviction or sentence has already been invalidated. *Heck,* 512 U.S. at 486-87. "[A] court may properly dismiss a Heck-barred claim if there exists an obvious bar to securing relief on the face of the complaint." *Washington v. Los Angeles Cnty. Sheriff's Dep't.,* 833 F.3d 1048, 1056 (9th Cir. 2016) (*Heck* bar

is plain from the face of the complaint where plaintiff seeks recall of allegedly unlawful sentence). Here, Plaintiff alleges in Count I that Defendants listened in on privileged phone calls and video chats and opened legal mail and interfered with incoming mail, and that he believes "the prosecuting attorney are getting to know my trial strategy and work product information when they shouldn't have." Plaintiff raised this claim in a motion to dismiss his criminal charges in the Greys Harbor Superior Court. After Greys Harbor Superior Court Judge Edwards denied Plaintiff's motion to dismiss, Plaintiff went to trial and was convicted and sentenced to life in prison. Dkt. 28, Walker Declaration. Plaintiff now seeks to overturn his conviction on the same grounds he raised in his motion to dismiss his criminal charges. His claim for relief thus necessarily implicates the validity of his conviction and sentence. As his convictions still stand Plaintiff's claim is barred under *Heck,* and the Court is required to dismiss the complaint.

        2.        ***Collateral Estoppel***

"State law governs the application of collateral estoppel or issue preclusion to a state court judgment in a federal civil rights action." *Ayers v. City of Richmond*, 895 F.2d 1267 (9th Cir.1990) (internal citations omitted ). Under Washington law, collateral estoppel requires there be: (1) identical issues; (2) a final judgment on the merits; (3) the party against whom the plea is asserted must have been a party to or in privity with a party to the prior adjudication; and (4) application of the doctrine must not work an injustice on the party against whom the doctrine is to be applied. *Schroeder v. Excelsior Management Group,* LLC, 177 Wash.2d 94, 108, 297 P.3d 677 (2013) (internal quotation omitted). In Washington, collateral estoppel bars re-litigation of "issues actually litigated" and "necessarily decided" in a prior adjudication. *City of Arlington v. Cent. Puget Sound Growth Mgmt. Hearings Bd.*, 164 Wash.2d 768, 792, 193 P.3d 1077 (2008).

Each of the collateral estoppel factors are met in this case. The Greys Harbor Superior Court conducted a hearing on the same claim now before the Court. Plaintiff and Defendants were party to or in privity to the hearing conducted by the Superior Court. The Superior Court issued a final decision on the merits of the claim, and there is no injustice in collaterally estopping the claim in this civil action because if Plaintiff wished to challenge the Superior Court's criminal case decision, he could have brought a challenge through a direct appeal to the state court of appeals or through a personal restraint petition. The Court accordingly concludes that Plaintiff is barred from re-litigating his claim in this civil action.

### 3. *Other Grounds to Dismiss*

Defendants also contend the Court should dismiss the complaint for other reasons. Defendants argue Plaintiff fails to show that each Defendant personally participated in the alleged violation. Plaintiff has indeed failed to do so. There is nothing showing the Defendants opened mail or directed the recording of privileged call or video-chats. Rather, the record shows that once the jail learned calls and chats were recorded, the recordings were destroyed without anyone listening to them. None of the Defendants were personally involved in the opening of mail, which according the Defendants occurred once and involved an item that was not read. The Court thus concludes the Complaint should be dismissed for failing to set forth sufficient facts establishing the personal participation of the Defendants.

Defendants also argue the complaint should be dismissed because Plaintiff failed to exhaust remedies regarding opened mail; fails to set forth facts establishing a violation of delay or interference with in-coming mail, and because each Defendant is shielded by qualified immunity. The court need not discuss these arguments as there are numerous other reasons detailed above to conclude the motion for summary judgment should be granted.

REPORT AND RECOMMENDATION ON
MOTION FOR SUMMARY JUDGMENT - 7

**CONCLUSION**

For the above reasons, the Court recommends that Defendants' motion for summary judgment be GRANTED and the case be DISMISSED with prejudice. The Court does not recommend the dismissal count as a strike.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **July 13, 2022.** The Clerk should note the matter for **July 15, 2022**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. The failure to timely object may affect the right to appeal.

DATED this 29th day of June, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge